NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Sanrio, Inc. and Disney Enterprises, Inc.,

Plaintiffs,

v.

Carlos Rocca a/k/a Carlos Salos, an individual and d/b/a Inka Arts a/k/a Inka Imports; Roxana Saltor a/k/a Roxana Rocca a/k/a Roxana Salos, an individual and d/b/a Inka Arts a/k/a Inka Imports, and Does 1 – 10, inclusive,

Defendants.

Case No. SACV11-1921 JST (JPRx)

JUDGMENT PURSUANT TO ENTRY OF DEFAULT

This cause having come before this Court on the motion of Plaintiffs Sanrio, Inc. ("Sanrio") and Disney Enterprises, Inc. ("DEI") (collectively "Plaintiffs") for entry of default judgment and permanent injunction against Defendants Carlos Rocca a/k/a Carlos Salos, an individual and d/b/a Inka Arts a/k/a Inka Imports; Roxana Saltor a/k/a Roxana Rocca a/k/a Roxana Salos, an individual and d/b/a Inka Arts a/k/a Inka Imports (collectively "Defendants");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiffs' Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Sanrio is the owner of all rights in and to certain copyright registrations, attached as Exhibit A to Request for Judgment, (Doc. 27), specifically including, but not limited to, the copyrights which are the subject of the registrations: Hello Kitty (VA 130-42) (collectively the "Sanrio Co. Copyrights");

DEI is the owner of all rights in and to certain copyright registrations, attached as Exhibit C to Request for Judgment, (Doc. 27), specifically including, but not limited to, the copyrights which are the subject of the registrations: Mickey Mouse (VA 58-937) and Minnie Mouse (VA 58-938) (collectively "DEI's Copyrights");

(The Sanrio Co. Copyrights and the DEI Copyrights are collectively referred to herein as "Plaintiffs' Copyrights.");

Plaintiffs have complied in all respects with the laws governing copyrights and secured the exclusive rights and privileges in and to Plaintiffs' Copyrights;

The appearance and other qualities of Plaintiffs' Copyrights are distinctive and original;

Defendants engage in the unauthorized business of manufacturing, importing, distributing, promoting, selling and/or offering for sale unauthorized counterfeit merchandise featuring Plaintiffs' Copyrights ("Infringing Product").

Defendants' manufacturing, importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Infringing Product was engaged in willfully and intentionally, without leave or license from Plaintiffs, in violation of Plaintiffs' rights in and to Plaintiffs' Copyrights. The devices, emblems, and artwork on the Infringing Product are not just "confusingly similar" to Plaintiffs' Copyrights, they are almost identical.

The Court specifically finds that Plaintiffs are the prevailing parties for purposes of an award of reasonable attorneys' fees. Plaintiffs have instituted this action for an

entirely proper and appropriate purpose, solely to vindicate and enforce compliance with their rights which have been knowingly and willfully infringed by Defendants and to recover for infringement of such rights. Plaintiffs' action was not brought frivolously. In contrast, Defendants' infringing conduct is a clear and unmistakable violation of Plaintiffs' rights. Defendants' conduct has been patently unreasonable and egregious, violating Plaintiffs' rights by appropriating and featuring Plaintiffs' Copyrights on Infringing Product, when Defendants intended, or knew or should have known, that such infringing activity would likely injure Plaintiffs' names and reputations, requiring Plaintiffs to institute and prosecute this action, and incur fees and costs in so doing, in order to attempt to obtain Defendants' recognition and compliance with Plaintiffs' rights. Considerations of appropriate compensation and adequate deterrence also militate in favor of granting Plaintiffs an award of attorneys' fees, pursuant to 17 U.S.C. § 505.

The liability of the Defendants in the above-referenced action for their acts in violation of Plaintiffs' rights is knowing and willful, and as such the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338. Service of process was properly made on the Defendants.

2) Defendants have distributed, sold, and offered for sale counterfeit merchandise which infringes upon Plaintiffs' Copyrights.

3) The Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

a) Infringing Plaintiffs' Copyrights, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any merchandise which features any of Plaintiff's Copyrights, and, specifically:

i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Copyrights;

b) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Copyrights;

c) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or the Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs;

4) Defendants are ordered to deliver for destruction all Infringing Product, and any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Copyrights and any labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiffs' Copyrights or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

5) Defendants are ordered to pay damages to Sanrio pursuant to 17 U.S.C. § 504 in the sum of Twenty-Five Thousand Dollars ($25,000.00).

6) Defendants are ordered to pay damages to DEI pursuant to 17 U.S.C. § 504 in the sum of Fifty Thousand Dollars ($50,000.00).

7) Defendants are ordered to pay Plaintiff's attorneys' fees and costs in the amount of Four Thousand Six Hundred Dollars ($4,600.00).

8) Defendants are ordered to pay interest on the principal amount of the judgment to Plaintiff at a statutory rate pursuant to 28 U.S.C. § 1961(a).

9) This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

10) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Judgment against Defendants.

11) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED: February 14, 2013

Hon. Josephine Staton Tucker
District Judge, U.S. District Court for the
Central District of California